IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | No. 3:22-mj-884-BK |
| RAYNALDO RIVERA ORTIZ JR., § | |
| § | |
| Defendant. § | |

## DETENTION ORDER

Defendant Raynaldo Rivera Ortiz Jr., is charged by a criminal complaint filed in this district with violating 18 U.S.C. § 1365(a), Tampering with a Consumer Product and Tampering with a Consumer Product Causing Death and/or Serious Bodily Injury; 21 U.S.C. § 331(k), Doing of an Act that Results in a Drug being Adulterated while Held for Sale after Shipment of the Drug in Interstate Commerce; 21 U.S.C. § 333(b)(7), Intentional Adulteration of a Drug having a Reasonable Probability of Causing Serious Adverse Health Consequences; and 21 U.S.C. § 351(d), Adulteration of a Drug by Mixing or Substituting Another Substance.

On September 19, 2022, the Court held a preliminary hearing and a hearing on the government's motion for detention. Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

On the record today, the Court found probable cause to believe that Defendant committed the offense conduct alleged in the complaint in this case. "In determining

-1-

whether probable cause exists, a court is required to find a basis for an officer to believe to a 'fair probability' that an offense occurred. A 'fair probability' does not mean that a reasonable person would have believed it more likely than not, which is a preponderance of the evidence standard, that an offense occurred. It means something more than a bare suspicion, but need not reach the fifty percent mark." *United States v. Rodriguez*, No. 3:16-cr-536-L-11, 2021 WL 4137498, at *2 (N.D. Tex. Sept. 10, 2021) (cleaned up).

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a). Defendant is eligible for pretrial detention under 18 U.S.C. § 3142(f)(1)(B) because Defendant is charged with – and the Court has found probable cause to believe that he committed – an offense for which the maximum sentence is life imprisonment, specifically, a violation of 18 U.S.C. § 1365(a).

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The Court has considered the testimony of the case agent and of an agent of the State Department and of Defendant's friend and former attorney; the proffers of

Defendant's counsel and the government's counsel; Government Exhibits 1-8 (as admitted); the criminal complaint and affidavit in support; and the report of the pretrial services officer, all in light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the charged offense; the apparent weight of the evidence against Defendant; Defendant's history and characteristics; whether Defendant was, at the time of the current offense or arrest, on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

The evidence shows that Defendant is an anesthesiologist who has been practicing for many years but whose license has been suspended within the last few weeks after it was determined that his practice of medicine poses a threat to public welfare and after, last month, the Texas Medical Board sanctioned Defendant for failing to meet the standard of care for a patient. Defendant has long-standing ties to this community but also has a 2016 conviction for Cruelty to Non-Livestock Animals – specifically, shooting his neighbor's dog with a pellet gun – for which he was sentenced to 29 days that he served on weekends. In affirming that conviction, the Dallas Court of Appeals held that the evidence at trial supported a finding that Defendant had a motive to shoot his neighbor's dog because he was angry with his neighbor for her role in his breakup with his ex-girlfriend, including testimony in a protective order proceeding. The Court also heard evidence that Defendant was, at one point during the current COVID-19 pandemic, involved in an incident at another

medical center where he worked in which he became angry at colleagues who insisted that he put on a facemask. And two staff members at the surgical center at which the alleged offense conduct here occurred refused to speak to investigators after expressing fear of what Defendant would do if they did so, with one referencing the facemask incident. As to the nature of the offenses charged, the evidence suggests that Defendant, apparently angry at recent professional disciplinary actions against him, tampered with IV bags at the surgical center at which he worked and that those tampered IV bags resulted in several emergency incidents during patient surgeries and possibly the death of one of Defendant's anesthesiologist colleagues.

Defendant's daughter is willing to serve as a third-party custodian. And Defendant's counsel explained that Defendant is employable if released but would not be working in health care.

As to the risk of danger to an individual or the community, the government must show clear and convincing proof that Defendant presents a demonstrable danger to the community or to an individual, which no combination of conditions of release can dispel or mitigate. Here, the government has presented specific facts that support a finding, based on clear and convincing evidence, that Defendant poses a specific threat and danger to continue to engage in – or to, in the future, engage in – violent retaliatory behavior against those who are involved in this investigation, even if released on restrictive conditions. As the government persuasively argues, Defendant's conduct tracks – but is escalating from – what he was convicted of in 2016. Based on the facts explained above, the Court finds that there is no condition

or combination of conditions – including location monitoring or appointing Defendant's daughter as a third-party custodian – that could be set to reasonably assure the safety of the community or other individuals connected to this investigation if Defendant were to be released pending trial. Accordingly, the Government's motion for detention is GRANTED.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings. It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel. It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: September 19, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE